```
           IN THE UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF ILLINOIS
                      EASTERN DIVISION

UNITED STATES OF AMERICA ex rel.)
MICHAEL LYNCH #A-15561,          )
                                 )
              Petitioner,        )
                                 )
     v.                          )    No.  10 C 4374
                                 )
GUY D. PIERCE, Warden,           )
                                 )
              Respondent.        )
```

MEMORANDUM OPINION AND ORDER

On July 13, 2010 Michael Lynch filed a 28 U.S.C. §2254 Petition for Writ of Habeas Corpus ("Petition"),[1] accompanied by an In Forma Pauperis Application ("Application") and a Motion for Appointment of Counsel ("Motion"), with those latter two documents utilizing forms made available by this District Court's Clerk's Office. Before this memorandum opinion and order addresses the Petition itself, it speaks briefly to the Application, which is not only unsigned by Lynch but also reflects an obvious misunderstanding on his part as to the filing fee required to be paid by a habeas petitioner.

Because that fee is just $5, there is no reason that Lynch cannot provide that modest amount (according to the Application, he is paid $28.80 monthly by Pontiac Correctional Center ("Pontiac"), where he is in custody). Accordingly the Application is denied to the extent that Lynch seeks "to proceed without full prepayment of fees," and the fiscal officer at

---

[1] All further references to Title 28's provisions will simply take the form "Section--."

Pontiac is ordered to remit the $5 filing fee forthwith, made payable to "Clerk, United States District Court" (with the check to carry a reference to this Case No. 10 C 4374) and mailed to:

> Office of the Clerk
> United States District Court
> 219 South Dearborn Street
> Chicago IL 60604
> Attention: Fiscal Department

Now to the Petition itself. As might have been expected from the age of Lynch's case (he was convicted of murder and armed robbery back in March 1993), he would appear to confront an obvious timeliness problem under Section 2244(d). But even before that may be addressed, this Court notes from Petition Part II ¶3 that Lynch has already gone to the federal habeas well once before--he lists Case No. 97 C 5029 in this District Court and goes on to assert that the Petition in that case was dismissed pursuant to appointed counsel's <u>Anders</u> motion on October 6, 1998.

That being so, Lynch's current Petition cannot proceed without his first moving in our Court of Appeals for an order authorizing this Court to consider this second application (see Section 2244(b)(3)(A)). Accordingly the Petition is dismissed without prejudice.[2]

_____
Milton I. Shadur
Senior United States District Judge

Date: July 15, 2010

---

[2] Needless to say, if Lynch were to seek Court of Appeals authorization, that court would be free to consider all relevant issues, including the already-referred-to question of timeliness.