IN THE UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF ILLINOIS
                     EASTERN DIVISION

UNITED STATES OF AMERICA ex rel.)
MICHAEL LYNCH #A-15561,          )
                                 )
          Petitioner,            )
                                 )
     v.                          )    No.  10 C 4374
                                 )
GUY D. PIERCE, Warden,           )
                                 )
          Respondent.            )

                       MEMORANDUM ORDER

     This Court's July 15, 2010 memorandum opinion and order

("Opinion") dismissed without prejudice the 28 U.S.C. §2254[1]

Petition for Writ of Habeas Corpus ("Petition") that had been

filed by state prisoner Michael Lynch ("Lynch").  Now Lynch has

filed what he captions as his "Pro Se Motion for Enlargement of

Time To File Notice of Appeal or Alternatively Notice of Appeal."

This Court grants Lynch's alternative motion that his filing be

treated as a notice of appeal--but that done, it is necessary to

address two matters in connection with any such appeal.

     First, the Opinion denied Lynch's In Forma Pauperis

Application ("Application") at the District Court level, because

the fee for a Section 2254 petition here is just $5, an amount

that Lynch could clearly handle.  But this Court's understanding

is that an appeal by Lynch carries the obligation to pay the full

appellate filing fees amounting to $455, and Lynch has not

---

[1] All further references to Title 28's provisions will simply take the form "Section--."

accompanied his current filing with a renewed Application at the appellate level.

Second, the ground for dismissal stated in the Opinion was that the Petition represented Lynch's second effort to obtain federal habeas relief (Petition Pt. II ¶3 lists his earlier filing of Case No. 97 C 5029 in this District Court, a filing that eventuated in the dismissal of that case), so that Section 2244(b)(3) requires authorization by the Court of Appeals before the current Petition could be filed here. That deficiency cannot be cured by simply appealing the dismissal.

Finally, under those circumstances there is no basis for issuing a certificate of appealability under Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts. Lynch is of course free to go to the Court of Appeals on that issue.

                                                          
_____
                                            Milton I. Shadur
                                            Senior United States District Judge

Date:  August 3, 2010